WILLIAM B. MITCHELL v. JOSEPH TSCHIDA.[1]

January 7, 1898.

Nos. 10,789—(219).

Unharvested Crop—Contract of Sale—Possession of Land—Expiration of Time to Redeem from Mortgage Foreclosure.

Upon the facts in this case, *held*, that it was the intention of both parties that the defendant should have possession of the land, with the right to harvest, thresh and own the grain raised thereon, the product of seed sown by the defendant.

Appeal by plaintiff, as administrator of the estate of Jane H. Whittlesey, deceased, from a judgment for defendant entered in the district court for Morrison county pursuant to findings and an order of Baxter, J. Affirmed.

*George W. Stewart,* for appellant.

At common law crops raised were as much security for the debt as the land itself, and upon the failure of the mortgagor to pay the mortgage at the time it became due, the entire property, growing crops included, passed to the mortgagee. Keech v. Hall, 1 Doug. 21; Aldrich v. Reynolds, 1 Barb. Ch. 613; Shepard v. Philbrick, 2 Denio, 174; Gillett v. Balcom, 6 Barb. 370; Howell v. Schenck, 24 N. J. Law, 89; Scriven v. Moote, 36 Mich. 64.

If the crops are mature when the redemption period expires, then the mortgagor or his tenant owns them; but if they are unripe and immature and have not ceased to draw nurture from the soil, the purchaser at the foreclosure sale owns them. Until ripe, growing crops are a part of the soil. When ripe or in condition for severance they are personal property. Missouri v. Barwick, 50 Kan. 57; Beckman v. Sikes, 35 Kan. 120; Goodwin v. Smith, 49 Kan. 351; Downard v. Groff, 40 Iowa, 597; Shepard v. Philbrick, supra; Lane v. King, 8 Wend. 584; Jones v. Thomas, 8 Blackf. (Ind.) 428; Scriven v. Moote, supra; Ruggles v. First Nat., 2 Mich. 215; Howell

[1] Reported in 73 N. W. 625.

v. Schenck, supra; Fowler v. Carr, 63 Mo. App. 486; Ledyard v. Phillips, 47 Mich. 305; Rankin v. Kinsey, 7 Ill. App. 215.

*John H. Rhodes*, for respondent.

A trespasser who has grown and removed crops is, after their removal, the owner thereof, even as against the owner of the land upon which such crops were grown. Lindsay v. Winona, 29 Minn. 411. So a lessee is the owner of crops grown and removed after the lease has expired and the lessor has brought action for recovery of possession of the land. Woodcock v. Carlson, 41 Minn. 542.

BUCK, J.

This is an action of replevin, originally brought by Jane H. Whittlesey, but upon her death the action was continued by her administrator.

On December 31, 1890, the defendant owned certain farm lands, and mortgaged the same to Jane H. Whittlesey to secure a loan of $650. He having defaulted in the payment of the loan, the mortgage was on June 18, 1894, duly foreclosed, the mortgagee being the purchaser. In the spring of 1895 the defendant Tschida, being still in possession of the premises, seeded part of them to wheat and oats, and the crops in controversy are those raised by defendant from the seed thus sown. Before the crops had matured, but after the expiration of the time for redemption and some time in the month of July, 1895, the said Jane H. Whittlesey, through her agent, W. B. Mitchell, entered into negotiations with defendant, and attempted to sell him said land; but the defendant sought only to purchase the crop, and no agreement was in fact made between them, Mitchell understanding that defendant was to purchase the land for a sum specified by him and defendant to pay without delay upon such purchase price the sum of $75, while the defendant understood from said negotiations that he was to pay for the crop, and did not intend to purchase the land. Laboring under this mistake, the defendant continued in possession of the land, harvested and threshed the crop. The plaintiff commenced this action September 14, 1894, and, we infer from the record, received possession of the crop, as the trial court, by its order, directs a return thereof to the defendant.

The evidence is not returned. Who is the owner and entitled to the possession of the crops thus grown, harvested and threshed?

We are of the opinion that this case can be properly disposed of without passing upon the question as to whether the rule of a mortgagor sowing seed upon the mortgaged premises before the time for redemption expires, and when the crop is immature at the time of the expiration for redemption, is applicable or not. It may be conceded that the minds of the parties did not meet upon the question of whether the transaction was a sale of the land or the immature crop; but, whatever the understanding upon this point, it is quite evident that plaintiff intended to allow the defendant to remain in possession and harvest the crop. If it was a sale of the land, the defendant's possession would be lawful, and the crop would be included under the circumstances in the sale. If it was a sale of the immature crop, the right to cultivate, harvest and thresh the same would be implied, especially as the defendant was during all the time in the actual possession of the land and crop. Thus, while the terms of the bargain may not have gone to the extent which either intended or supposed, the parties were agreed upon one thing, viz. the right of possession of the land in the defendant, so far as it concerned the crop and his harvesting the same, was agreed upon by both parties; and as the defendant actually did so continue in possession, with plaintiff's knowledge and consent, we think that defendant is entitled to the crop, and the parties so intended.

Judgment affirmed.

CANTY, J.

I concur: Where the minds of the parties attempting to make an entire contract have never met as to all parts of it, the part of the supposed contract as to which their minds have met cannot be upheld, and the balance of the supposed contract rejected or rescinded. The supposed contract cannot be carried out as far as it is according to the intention of both parties, and disregarded as far as it is not. In this case the parties have acted on the supposed contract, which was never made in fact or in form, have changed their condition, and cannot be placed in statu quo. Then the matter, as far as it has gone, must be adjusted on equitable principles.

It was the intention of both parties that defendant should have possession of the premises, and should harvest, thresh and own this grain. Then it is equitable and just that he should be held to own it, and that proper compensation should be made to plaintiff. What the measure of that compensation should be we are not called upon at this time to determine.